## F. G. BOAS v. M. D. MALONE.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 18, 1891—Decided March 9, 1891.

Where goods were purchased by a married woman for the purposes of trade, prior to the married persons' property act of June 3, 1887, P. L. 332, the husband is liable therefor; and he cannot escape by alleging that the purchase was made by the wife, in carrying on her own business and on the credit of her separate estate.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 217 July Term 1890, Sup. Ct.; court below, No. 353 September Term 1890, C. P.

On August 31, 1889, an appeal was entered by the defendants from the judgment of a justice of the peace in favor of F. G. Boas against "M. D. Malone and Bridget Malone, his wife, in right of said wife."

On January 13, 1890, the plaintiff filed a statement of claim averring that the action was founded upon a book-account, in which the plaintiff charged and claimed a balance of $112.25, with interest, for merchandise sold and delivered to Mrs. Bridget Malone, one of the defendants, between April 6, 1882, and June 15, 1882.

Statement of Facts.

An affidavit of defence was filed by Bridget Malone, in which she averred a defence to the plaintiff's demand, in that the goods, for the price of which the suit was brought, were not of the kind and quality ordered, and a reduction in the price was agreed upon at the time, by the plaintiff's agent, etc., etc. A separate affidavit of defence was filed by M. D. Malone, averring as follows:

" That the bills of goods, sued for in this action, were contracted for and ordered by Bridget Malone, one of the above-named defendants, who was at the time a married woman, the wife of the said M. D. Malone, doing business in her own name and solely upon her own credit; and the said bills of goods were shipped to and charged by the said plaintiff against the said Bridget Malone. That the said M. D. Malone was in no way interested in the business of the said Bridget Malone, and did not order the said goods, nor agree to pay for, nor become responsible for the payment of said goods, so purchased by the said Bridget Malone from the said plaintiff, and he is advised that he is not legally liable for the contracts of the said Bridget Malone in the purchase of the said goods. That, at the time of the purchase of the said goods as aforesaid, the said Bridget Malone had a separate estate of her own upon which to trade, and as a basis of credit in carrying on her business of conducting a hat store, in the carrying on of which the said goods were used and for which the said goods were purchased by the said Bridget Malone.

" The said M. D. Malone further avers that he is not liable for the payment of the money due for the purchase of the said goods, and that this action cannot therefore be maintained against him, as his wife, the said Bridget Malone, if legally liable for the payment of the purchase money of those goods set forth in the plaintiff's statement, must and can be sued alone for the same, and the action maintained against her without joining her husband, the said M. D. Malone. That the said suit or action for the recovery of damages for the non-payment of the bills of goods shown in the plaintiff's statement, cannot be maintained against the said Bridget Malone, as she, at the time of ordering the said bills of goods, was a married woman, the wife of the said M. D. Malone, and as such married woman was incapable in law to contract for the payment of those goods."

Opinion of Court below.

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, Green, J., on April 14, 1890, filed the following opinion:

This is a suit brought for a bill of merchandise, bought in the name of the wife, and delivered to her in 1882, and in which a balance is claimed of $112.25 with interest. M. D. Malone has filed an affidavit of defence for himself and his wife, in which he claims that his wife cannot be held, because she is a married woman, and that he cannot be held, because the debt was contracted by his wife, upon her own credit, in carrying on a business in her own name in which he was not interested; and that his said wife had a separate estate of her own in which to trade and get a basis of credit. He claims that neither of them are therefore liable for the debt, and evinces a plain purpose to defraud the plaintiff, if the law will permit him to do so.

The law would be miserably defective, if it could be made to help such a scheme as this. There is no doubt that the coverture of the wife relieves her from liability on her contract, and that she cannot be held. But it throws the liability on the husband, when made with his knowledge and without his dissent, and he cannot escape responsibility by asserting that the purchase was made by the wife, on her own credit and in carrying on her own business.

I am speaking, of course, of the law as it stood prior to the act of June 3, 1887, P. L. 332, which very much enlarged the rights and liabilities of married women. When a wife carries on a business with the knowledge and assent of her husband, he is liable for her contracts made in the course of that business: Jacobs v. Featherstone, 6 W. & S. 349; Mackinley v. McGregor, 3 Wh. 368; Hallowell v. Horter, 35 Pa. 375; Rosenheim v. O'Brien, 2 W. N. 170, and other cases. In Robinson v. Wallace, 39 Pa. 132, it is said: "She has no power to contract for the purposes of trade. When she does so, the law esteems her the agent of her husband, and looks to him as the responsible party."

And now April 14, 1890, rule for judgment as to M. D. Malone, made absolute, and rule discharged as to Bridget Malone, the wife of M. D. Malone ; exception.

—Judgment having been entered against M. D. Malone for

$162.18, on motion of the plaintiff leave was given to discontinue the action as to Bridget Malone. The defendant, M. D. Malone, then took this appeal, assigning the order making the rule for judgment as to M. D. Malone absolute, for error.

*Mr. John A. Nash,* for the appellant.

That, when the wife has a separate estate as a basis, she can purchase on credit and the property will be hers, counsel cited: Rogers v. McDowell, 134 Pa. 424; Perrine v. Dinan, 133 Pa. 544; Manderbach v. Mock, 29 Pa. 47; Hoar v. Axe, 22 Pa. 381; Debraham v. Walker, 3 W. N. 26.

*Mr. L. D. Haughawout,* for the appellee.

PER CURIAM:

The learned judge below has sufficiently vindicated his judgment. We need not repeat what he has said, nor add anything thereto.

Judgment affirmed.